An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SAULUALOFAIGA "SAUL" COFFIN,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
JENNIFER P. TOGLIATTI, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63493

**FILED**

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of mandamus or habeas corpus challenges a district court order denying petitioner's motion to transfer his case to a veteran's treatment program pursuant to NRS 176A.280. Petitioner argues that NRS 176A.290(2) violates the separation of powers doctrine by requiring the court to obtain the prosecutor's consent before assigning a defendant who has committed forcible or violent offenses to a veteran's treatment program.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or control discretion when it is manifestly abused or exercised arbitrarily or capriciously, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The writ will not issue if petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27663

A writ of habeas corpus is only available to prisoners seeking to invalidate their confinement or its duration, "either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Claims not directly affecting a prisoner's confinement or the duration of that confinement must be brought under some other theory. *See* NRS 34.360; *Wilkinson*, 544 U.S. at 82 (prisoners' claims did not implicate habeas corpus because they were not seeking an immediate or speedier release from confinement).

As petitioner has not tendered a guilty plea or been found guilty of the alleged offenses and there is no indication that he is being unlawfully confined or restrained, we are not satisfied that our intervention is warranted. We conclude that the petitioner has an adequate remedy by way of an appeal should he be convicted. Accordingly, we

ORDER the petition DENIED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                                      Saitta

cc:    Hon. Jennifer P. Togliatti, District Judge
       The Pariente Law Firm, P.C.
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk